IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF COLORADO

Case No. 20-1452

KEGAN WARNER,

    Plaintiff,

v.

POWER HOME REMODELING GROUP, LLC,

    Defendant.

**NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT BY DEFENDANT POWER HOME REMODELING GROUP, LLC**

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1332, 1441(a), and 1446, Defendant Power Home Remodeling Group, LLC ("Power Home" or "Defendant") hereby removes the above-entitled action (the "Action") from the 18th Judicial District Court of Arapahoe County, State of Colorado, to the United States District Court in the District of Colorado.  In support of this removal, Power Home states the following:

## PROCEDURAL BACKGROUND

1. On March 31, 2020, Plaintiff Kegan Warner ("Warner" or "Plaintiff") commenced this action by filing an unverified Class Action Summons, Complaint and Jury Demand in the 18th Judicial District Court of Arapahoe County, State of Colorado, entitled *Kegan Warner v. Power Home Remodeling Group, LLC*, Case No. 2020cv030753 (the "State Court Action").

2. Plaintiff alleges the following four causes of action on behalf of himself and four classes against Power Home Remodeling Group, LLC ("Power Home" or "Defendant"): (1) Violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b) on behalf of Plaintiff and the "Dialer Class"; (Compl. ¶¶ 95-100); (2) Violations of the TCPA, 47

U.S.C. § 227(c) on behalf of Plaintiff and the "Policy Class"; (Compl. ¶¶ 101-108); (3) Violations of the Colorado Control of Telemarketing Fraud Act ("CFTA"), C.R.S. § 6-1-304(a)(II) on behalf of Plaintiff and the "Colorado Scanner Class"; (Compl. ¶¶ 109-113); and (4) Violations of the CTFA, C.R.S. § 6-1-304-(a)(II) on behalf of Plaintiff and the "Colorado Directory Class"; (Compl. ¶¶ 114-117).

3. On April 21, 2020, Plaintiff served Defendant's registered agent with an unverified copy of the Summons and Complaint by process server. Although the initial Summons contained an error in the Defendant's name, that issue was corrected in another Summons subsequently served on Defendant.

4. Pursuant to 28 U.S.C. § 1446(a), attached to this Notice as **Exhibit A** is a true and correct copy of the Complaint and all accompanying documents served with the Complaint. Attached as **Exhibit B** is a true and correct copy of all process, pleadings, and orders that have been filed in this action. Exhibits A and B constitute all the pleadings, process, and orders served upon or by Defendant in the State Court Action.

## REMOVAL IS PROPER

5. As set forth in 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6. This Court has original jurisdiction over this Action under 28 U.S.C. § 1331 because this is an action arising under federal law, the Federal Telephone Consumer Protection Act, 47 U.S.C. §§ 227. *See* Ex A., Compl. ¶¶ 2-3; *see also Mims v. Arrow Fin. Servs., LLC,* 565 U.S. 368, 379 (2012). Accordingly, Defendant may remove this case to this Court pursuant to 28 U.S.C. § 1441(a) without regard to the citizenship of the parties or amounts in controversy.

7. Plaintiff also brings claims under Colorado's Control of Telemarketing Fraud Act (C.R.S. § 6-1-304(a)(II)). *See* Ex A., Compl. ¶¶ 4-5. The Court has supplemental jurisdiction

over these state-law claims because they are so related to the federal-law claim that they form part of the same case or controversy. 28 U.S.C. § 1367; *see also* 28 U.S.C. § 1441(c).

## VENUE IS PROPER

8. Under 28 U.S.C. § 1441(a), an action "may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." The United States District Court for the District of Colorado is a proper venue because it is the district embracing the 18th Judicial District Court, Arapahoe County, Colorado, where Plaintiff filed his Complaint.

## REMOVAL IS TIMELY

9. Removal is timely. Plaintiff served his Summons and Complaint On April 21, 2020. Power Home timely filed its Notice of Removal within thirty days of service of the Complaint and within thirty days of the date the Action was first removable, by May 21, 2020. *See* 28 U.S.C. § 1446(b). No previous notice of removal has been filed or made with this, or any other court, for the relief sought herein.

10. A copy of this Notice of Removal is being promptly served upon counsel for Plaintiff and a copy is being filed with the Clerk of the 18th Judicial District Court for Arapahoe County, Colorado, as required by 28 U.S.C. § 1446(d).

11. If any question arises as to the propriety of the removal of this Action, Power Home respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

## CONCLUSION

This case should be removed because this Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367.

Defendant will provide Plaintiff with prompt written notice of the filing of this Notice of Removal and will file a copy of this Notice of Removal with 18th Judicial District Court for Arapahoe County, Colorado.

Dated: May 21, 2020          MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Ezra D. Church*
    Ezra D. Church
    ezra.church@morganlewis.com

1701 Market Street
Philadelphia, PA 19103
Telephone: +1.215.963.5000
Facsimile: +1.215.963.5001

    Benjamin K. Hand, CO Bar# 50787
    benjamin.hand@morganlewis.com

300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Telephone: +1.213.612.2500
Facsimile: +1.213.612.2501

Attorneys for Defendant, POWER HOME REMODELING GROUP, LLC