# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

KEGAN WARNER,

        Plaintiff,

     v.

POWER HOME REMODELING GROUP, LLC,

        Defendant.

Civil Action No. 1:20-cv-01452-RBJ

## <u>POWER HOME REMODELING GROUP, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT</u>

Defendant Power Home Remodeling Group, LLC ("Power Home") hereby answers and asserts affirmative defenses to the First Amended Class Action Complaint ("Amended Complaint") filed by Plaintiff Kegan Warner ("Plaintiff").

## <u>INTRODUCTION</u>

1.    This action arises out of Defendant Power Home Remodeling Group LLC's ("Defendant") violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and the Colorado Control of Telemarketing Fraud Act ("CTFA"), C.R.S. § 6-1-301, *et. seq.*

**<u>ANSWER:</u>**    It is admitted only that Plaintiff purports to style his Amended Complaint in the manner so indicated.  The allegations of this paragraph are otherwise conclusions of law and arguments to which no response is required and they are, therefore, denied.  To the extent a response is required, the allegations are denied.

2.    In violation of 47 U.S.C. § 227(b), Defendant placed telemarketing calls using an Automatic Telephone Dialing System ("ATDS") to Plaintiff Kegan Warner ("Plaintiff") and putative class members without their consent, including after they revoked any consent Defendant believed it may have had.

**ANSWER:**    The allegations of this paragraph are conclusions of law and arguments to which

no response is required and they are, therefore, denied.  To the extent a response is required, the

allegations are denied.

> 3.    Furthermore, in violation of 47 U.S.C. § 227(c), through the regulation
> codified at 47 C.F.R. § 64.1200(d) and pertaining to Company-Specific Do-
> Not-Call Lists, Defendant placed telemarketing calls to Plaintiff and
> putative class members without implementing the policies and procedures
> required by law prior to making such calls.

**ANSWER:**    The allegations of this paragraph are conclusions of law and arguments to which

no response is required and they are, therefore, denied.  To the extent a response is required, the

allegations are denied.

> 4.    In violation of C.R.S § 6-1-304(4)(I) Defendant listed the cellar telephone
> numbers of Plaintiff and putative class members in a directory that it uses
> for a commercial purpose without the affirmative consent of Plaintiff and
> putative class members.

**ANSWER:**    The allegations of this paragraph are conclusions of law and arguments to which

no response is required and they are, therefore, denied.  To the extent a response is required, the

allegations are denied.

> 5.    In violation of C.R.S § 6-1-304(4)(II) Defendant used a scanner to obtain
> cellular telephone numbers of Plaintiff and putative class members and used
> those numbers to make commercial telephone solicitations to cellular
> telephones.

**ANSWER:**    The allegations of this paragraph are conclusions of law and arguments to which

no response is required and they are, therefore, denied.  To the extent a response is required, the

allegations are denied.

> 6.    Accordingly, Plaintiff brings this TCPA action on behalf of himself and two
> classes of similarly situated individuals under 47 U.S.C. § 227(b) and §
> 227(c).

**ANSWER:**    It is admitted only that Plaintiff purports to style his Amended Complaint in the

manner so indicated.  The allegations of this paragraph are otherwise conclusions of law and

arguments to which no response is required and they are, therefore, denied. To the extent a response is required, the allegations are denied.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction under C.R.S. § 13-1-124, as because defendant transacts business in Colorado.

**ANSWER:**   Power Home admits this Court has jurisdiction over Plaintiff's claims, but denies this Court has jurisdiction pursuant to C.R.S. § 13-1-124. Specifically, C.R.S. § 13-1-124 grants jurisdiction to Colorado State Courts, not the United States District Court, for the District of Colorado. Power Home further does not admit that this Court has personal jurisdiction over it with respect to the claims of absent, non-Colorado class members.

8.     Venue is proper under C.R.C.P. 98 because Defendant may be found and served in Arapahoe County.

**ANSWER:**   Power Home admits the venue is proper in this Court, but denies venue is proper under C.R.C.P. 98, which applies to Colorado State Courts.

## PARTIES

9.     Plaintiff is, and at all times relevant to this complaint, a citizen and resident of Broomfield, Colorado.

**ANSWER:**   Power Home lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

10.    Plaintiff Kegan Warner is, and at all times relevant to this complaint, a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:**   Power Home lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

11.    Defendant Power Home Remodeling Group, LLC is, and at all times relevant to this complaint, a Delaware corporation headquartered at 2501 Seaport Drive, Chester, Pennsylvania 19013. Defendant maintains a registered agent office at 1900 W. Littleton Boulevard, Littleton, Colorado, 80120.

**ANSWER:**      Admitted.

12.      Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

**ANSWER:**      The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

13.      Defendant is, and at all times mentioned herein was, a "person" as defined by C.R.S. § 6-1-106(6).

**ANSWER:**      The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

## THE TCPA

14.      The TCPA was passed in 1991 to help prevent unwanted telephone calls and solicitations, provide power to consumers to prevent unwanted solicitations, and rein in unrestricted telemarketing. See 47 U.S.C. § 227, et seq.

**ANSWER:**      The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

15.      Relevantly, the TCPA provides private rights of action for three types of telemarketing-related conduct.

**ANSWER:**      The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

16.      First, Section 227(b) of the TCPA prohibits initiating a telemarketing call using an automatic telephone dialing system without the prior express written consent of the called party.

**ANSWER:**      The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

17.      "Prior express written consent" requires a signed writing that clearly authorizes the seller to deliver to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice. 47 C.F.R. § 64.1200(f)(8).

**ANSWER:**    The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

18.    This written agreement must clearly and conspicuously disclose that the calls would be made using an automatic telephone dialing system or an artificial or prerecorded voice, and that the person is not required to sign the agreement as a condition of purchasing any property, goods, or services. *Id.* at (f)(i)(A-B).

**ANSWER:**    The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

19.    A violation of § 227(b) carries statutory damages of $500 to $1,500 per call.

**ANSWER:**    The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

20.    Second, § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

**ANSWER:**    The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

21.    In this rulemaking proceeding, the FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of ... company-specific 'do not call systems ...)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

**ANSWER:**    The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

22.    Pursuant to this statutory mandate, the FCC issued two regulations, only one of which is relevant here.

**ANSWER:**    The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

23.     The relevant regulation under § 227(c) established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 7 FCC Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

**ANSWER:**     The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

24.     The FCC found that "the company-specific do-not-call list alternative is the most effective and efficient means to permit telephone subscribers to avoid unwanted telephone solicitations." *Id.* at 8765, ¶ 23.

**ANSWER:**     The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

25.     However, recognizing that an honor system would probably be insufficient, the FCC found that it "must mandate procedures for establishing company-specific do-not-call lists to ensure effective compliance with and enforcement of the requirements for protecting consumer privacy." *Id.* at ¶ 24.

**ANSWER:**     The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

26.     These procedures are codified at 47 CFR 64.1200(d)(1)-(7).

**ANSWER:**     The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

27.     Specifically, § 64.1200(d) requires a company to keep a written policy, available upon demand, for maintaining a do-not-call list, train personnel engaged in telemarketing on the existence and use of its internal do-not-call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 CFR § 64.1200(d)(1, 2, 3, 6).

**ANSWER:**     The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

28.     These policies and procedures prohibit a company from making telemarketing calls unless they have implemented these policies and procedures. 47 CFR 64.1200(d).

**ANSWER:**     The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

29.     Accordingly, all telemarketing calls violate the TCPA unless Defendant can demonstrate that it has implemented the required policies and procedures.

**ANSWER:**     The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

30.     Consent is irrelevant to § 64.1200(d).

**ANSWER:**     The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

31.     A violation of § 227(c) through 47 C.F.R. § 64.1200(d) carries statutory damages of $500 to $1,500 per call.

**ANSWER:**     The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

32.     Though some of these requirements mention "residential" telephones, they were all extended to cover calls to cellular telephones as well as residential telephones. 47 CFR § 64.1200(e).

**ANSWER:**     The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

## THE CTFA

33.     The CTFA was enacted in 1993 to curtail unwanted telephone calls and solicitations, deter such calls, provide remedies to consumers who receive unwanted cellular telephone solicitations, and rein in unrestricted telemarketing.

**ANSWER:**     The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

34.     In 2005, the Act was amended to make it an unlawful practice for any person to list cellular telephone numbers in a directory for commercial purposes without the affirmative consent of the person whose number has been listed. C.R.S. § 6-1-304(4)(a)(I).

**ANSWER:**   The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

35.   The 2005 amendment also made it unlawful for any person to use a scanning device or other electronic means to identify a cellular telephone number and to make a commercial telephone solicitation. C.R.S. § 6-1-304(4)(a)(I).

**ANSWER:**   The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

36.   The CTFA provides a private right of action to consumers for violations of C.R.S. § 61-304 and allows consumers to recover consequential damages, court costs, attorney fees, and a penalties from $300 to $1,000 for each offense. C.R.S. § 6-1-305(1)(c).

**ANSWER:**   The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

## PLAINTIFF'S FACTUAL ALLEGATIONS

37.   Plaintiff Warner is a "person" as defined by 47 U.S.C. § 153(39).

**ANSWER:**   The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

38.   Plaintiff's telephone number, (XXX) XXX-4035, is assigned to a cellular telephone service.

**ANSWER:**   Power Home lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

39.   In September of 2018, Plaintiff purchased a new home.

**ANSWER:**   It is admitted only that Power Home was advised through discussions with Plaintiff and his spouse that Plaintiff purchased a new home in September 2018.  The allegations of this paragraph are otherwise denied.

40.   In approximately March of 2019, a representative from the Defendant came to Plaintiff's house to inform him that the prior owner allegedly had work done to the home and should still be under a Power HRG warranty.

**ANSWER:**     Power Home admits only that a company representative came to Plaintiff's house and that, during a telephone call on March 21, 2019, Power Home did advise that the warranty for prior work would transfer to Plaintiff.  The allegations of this paragraph are otherwise denied.

> 41.     The Power HRG representative also offered Plaintiff an offer to purchase their services himself.

**ANSWER:**     Denied.

> 42.     However, Plaintiff was interested in seeing if the warranty still covered his home.

**ANSWER:**     It is admitted that Plaintiff inquired as to the status of the warranty for prior work on the home.  The allegations of this paragraph are otherwise denied.

> 43.     As a result, Plaintiff contacted called Power HRG to learn if he was covered by the warranty.

**ANSWER:**     Admitted to the extent "Plaintiff contacted" Power Home.  Denied to the extent Plaintiff "called" Power Home.  Power Home lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

> 44.     In return, Plaintiff began receiving autodialed telemarketing calls.

**ANSWER:**     Power Home only admits that it contacted Plaintiff by telephone after he reached out to and requested information from Power Home and agreed to receive telephone calls.  The remaining allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

> 45.     Upon information and belief, Plaintiff's telephone number was obtained by Defendant using a scanner or other electronic device (i.e. from a caller ID) and added to a directory used by Defendant to make commercial telephone solicitations.

**ANSWER:**     Denied.

> 46.     Each call that was answered followed a distinct pattern.

**ANSWER:**     Power Home lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

47.     Plaintiff would pick up the phone and there would be dead air.

**ANSWER:**     Power Home lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

48.     Plaintiff then heard a click and a pause.

**ANSWER:**     Power Home lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

49.     The pause signifies the algorithm of a predictive dialer operating. The predictive dialer dials thousands of numbers at once, and only transfers the call to a live agent once a human being is on the line.

**ANSWER:**     The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

50.     On information and belief, the dialing system used by Power HRG has the capacity to store telephone numbers in a database and dial them automatically with no human intervention.

**ANSWER:**     The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

51.     On information and belief, the dialing system used by Power HRG stores numbers in a database, and when a simple command is executed, generates numbers from that database into a new, temporary database of numbers to be called.

**ANSWER:**     The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

52.     On information and belief, using another straightforward computer command, the dialing system can also produce numbers using a sequential number generator and dial the numbers automatically.

**ANSWER:**     The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

53.     In that scenario, the dialing system could dial a number such as (555) 000-0001, then (555) 000-0002, and so on.

**ANSWER:**     Power Home admits only that its dialing system does dial telephone numbers. Power Homes lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

54.     This would be done without any human intervention or further effort.

**ANSWER:**     The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

55.     On information and belief, the dialing system used by used by Power HRG is driven by software that utilizes an algorithm that determines when Power HRG will make a phone call. The dialer makes this determination automatically and without human intervention. These characteristics too are indicative of an Automatic Telephone Dialing System.

**ANSWER:**     Power Home lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.  Further, the allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

56.     The Plaintiff would then be transferred to a telemarketing representative who would attempt to sell him Power HRG services, which he wasn't interested in.

**ANSWER:**     Power Home lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

57.     On August 31, 2019, Mr. Warner made a telephone call to Power HRG to ask that he no longer be contacted.

**ANSWER:**     Power Home admits only that it received a telephone call from Plaintiff on August 31, 2019.  Power Home lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

58.     Power HRG confirmed that he would be added to its Do Not Call list.

**ANSWER:**     Power Home lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

59.     However, the calls continued.

**ANSWER:**     It is admitted only that Power Home's records show that Plaintiff was contacted by telephone after August 31, 2020.  The remaining allegations of this paragraph are denied.

60.     In fact, the Plaintiff believes he has received 12 calls since the date of his call to Power HRG.

**ANSWER:**     It is admitted only that Power Home's records show that Plaintiff was contacted by telephone after August 31, 2020.  The remaining allegations of this paragraph are denied.

61.     Plaintiff never provided Defendant with "prior express written consent" or "affirmative consent" as defined by law.

**ANSWER:**     Denied.  Further, the allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

62.     Plaintiff never filled out any contact form on Defendant's website or otherwise provide is contact information to Defendant through its website, nor did he provide any consent to receive calls through Defendant's website.

**ANSWER:**     Denied.

63.     Plaintiff is not alone in his experiences with Defendant ignoring do-not-call requests.

**ANSWER:**     Power Home lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

64.     Numerous online reviews indicate the widespread nature of Power HRG's persistent unwanted calling:

- A June 12, 2019 Better Business Bureau ("BBB") complaint states: "I have asked this company to stop soliciting at my house because they do not know when to stop. I asked them to stop calling me and they continue to call. I also ask them to take me off of their list and yet they continue to knock at my door. Every salesman says the same thing to me that "they didn't know and only

wanted to see if I want a free quote". Even after I ask them to leave they will continue to push."[1]

- A February 2, 2019 BBB complaint states: "Calls house phone (###-###-####) several times a day. I have answered twice and told a man I'm not interested. The company continues to call - 12 times in the last 5 days. This has been going on for several weeks."

- A July 22, 2018 BBB complaint states: "We receive sales calls from *********** Caller ID: ********** almost daily despite the fact that we are on the Do Not Call registry and have told them this numerous times and requested they stop calling. On 7/14/18 we received 5 calls from them within the space of an hour. Three of them were on our landline: 7/14/18 10:18am 7/14/18 10:42am 7/14/18 11:04am When we answered the last call a recording said to please hold on while they transfer us to confirm our appointment. Two of the other calls were on our cell phone. Please help us stop these nuisance calls."

- A Yelp review on August 11, 2017 states: "Terrible experience and now they will not stop calling. On the verge of filing harassment charges after telling them to stop calling many times. I had to call block them. Ugh!"

- A Yelp review on December 20, 2016 states, in part: "I made the mistake of giving them my number when I told one of their sales reps Id let them know about a possible roof replacement. Now they are non stop calling for 3 months and counting!!"

**ANSWER:**   Power Home lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

65.   Accordingly, pursuant to § 227(b), Plaintiff is entitled to $500 per call made to his cellular telephone number without his express written consent, which includes calls made after his revocation of consent.

**ANSWER:**   The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

66.   Plaintiff is entitled to $1,500 per call if the Court finds that the violations were knowing and/or willful.

---

[1]  Any typos, alterations, or errors in this section were part of the included complaint or review.

**ANSWER:**    The allegations of this paragraph are conclusions of law and arguments to which

no response is required and they are, therefore, denied.

      67.    Defendant also did not maintain the policies and procedures required for maintaining a do-not-call list, as required by the regulation 47 C.F.R. § 64.1200(d), prescribed under 47 U.S.C. § 227(c).

**ANSWER:**    The allegations of this paragraph are conclusions of law and arguments to which

no response is required and they are, therefore, denied.

      68.    Specifically, Defendant did not maintain a written do-not-call policy.

**ANSWER:**    Denied.

      69.    Defendant further did not train its telemarketers on the existence and use of any do-not-call policy.

**ANSWER:**    Denied.

      70.    Defendant further did not document do-not-call requests when made, nor did it honor such requests.

**ANSWER:**    The allegations of this paragraph are conclusions of law and arguments to which

no response is required and they are, therefore, denied.

      71.    Plaintiff received more than one telemarketing call from Defendant in violation of this regulation.

**ANSWER:**    The allegations of this paragraph are conclusions of law and arguments to which

no response is required and they are, therefore, denied.

      72.    Accordingly, Plaintiff is entitled to an additional $500 for each call placed to his telephone number in violation of regulation 47 C.F.R. § 64.1200(d), prescribed pursuant to 47 U.S.C. § 227(c).

**ANSWER:**    The allegations of this paragraph are conclusions of law and arguments to which

no response is required and they are, therefore, denied.

      73.    Plaintiff is entitled to $1,500 per call for violations of § 227(c) if the Court finds that the violations were knowing and/or willful.

**ANSWER:**   The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

74.   Plaintiff is entitled to a penalty of $300 to $500 for a first violation of C.R.S. § 6-1304(4), and $500 to $1,000 for each subsequent offense.

**ANSWER:**   The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

75.   Plaintiff has suffered actual injury because of Defendant's telemarketing telephone calls, including, but not limited to:

- Receiving a telemarketing call despite affirmatively placing his number on the national "do not call" registry and asking that he no longer receive calls from the Defendant;

- Reduced device storage;

- Lost time tending to and responding to the calls;

- Mental energy;

- Invasion of Privacy;

- Nuisance;

- Deprivation of the right to request, receive, and act in accordance with the mandated "do not call" policy to stop further calls.

- Increased risk of all the above.

**ANSWER:**   The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

76.   Omitted from Plaintiff's First Amended Complaint, therefore no response is required.

77.   Omitted from Plaintiff's First Amended Complaint, therefore no response is required.

78.     Omitted from Plaintiff's First Amended Complaint, therefore no response is

required.

## CLASS ACTION ALLEGATIONS

79.     Omitted from Plaintiff's First Amended Complaint, therefore no response
is required. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of
four Classes, defined as follows:

Since April 28, 2016, Plaintiff and all persons within the United States to
whose cellular telephone number Defendant placed a telemarketing call
using dialing equipment and/or software identical or substantially similar to
the dialing equipment and/or software used to place telephone calls to
Plaintiff without the prior express written consent of the called party.

("Dialer Class")

Since April 28, 2016, Plaintiff and all persons within the United States to
whose telephone number Defendant placed (or had placed on its behalf) two
or more telemarketing telephone calls in a 12-month period.

("Policy Class")

Since March 31, 2017 Plaintiff and all persons within Colorado and have a
cellular telephone with a Colorado area code whose cellar telephone
numbers were listed without affirmative consent by Defendant in a directory
it used for commercial purposes.

("Colorado Directory Class")

Since March 31, 2017 Plaintiff and all persons in who have a cellular
telephone with a Colorado area code whose cellular telephone numbers
were identified by Defendant using a scanner or other electronic device to
make a commercial telephone solicitation.

("Colorado Scanner Class")

**ANSWER:**     Power Home admits that Plaintiff purports to bring this case as a class action, but

denies that certification of any class would be proper.   Power Home denies any remaining

allegations of this paragraph.

80.     Excluded from the Classes are Defendant and any entities in which
Defendant has a controlling interest; Defendant's agents and employees;
any Judge and Magistrate Judge to whom this action is assigned and any

member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

**ANSWER**:   Power Home admits that Plaintiff purports to bring this case as a class action, but denies that certification of any class would be proper.   Power Home denies any remaining allegations of this paragraph.

81.   **Ascertainability**: The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant maintains written and electronically stored data showing:

a.   The time period(s) during which Defendant placed its telephone calls;

b.   The telephone numbers to which Defendant placed its telephone calls;

c.   The dates Defendant placed telephone calls to each class member;

d.   The names and addresses of Class members;

e.   The equipment and method used to identify telephone numbers;

f.   The compilation of the directory used for commercial purposes;

g.   The equipment Defendant used to call Class members.

**ANSWER**:   The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

82.   Omitted from Plaintiff's First Amended Complaint, therefore no response is required.

83.   **Commonality**: There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

a.   Whether Defendant made telemarketing calls;

b.   Whether Defendant uses an automatic telephone dialing system;

c.   Whether Defendant uses a scanner or other electronic means to identify and store telephone numbers;

d.   Whether Defendant obtains prior affirmative consent or express written consent and/or tracks revocation of such consent;

e.     Whether Defendant lists cellular telephone numbers in a directory for commercial purposes;

f.     Whether Defendant maintained a written policy or other procedures to obtain and track the affirmative consent of the person whose number is listed in its directory;

g.     Whether Defendant maintained a written "do not call" policy;

h.     Whether Defendant trained its employees or agents engaged in telemarketing on the existence and usage of any "do not call" policy;

i.     Whether Defendant recorded or honored "do not call" requests;

j.     Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violations; and,

k.     Whether Defendant should be enjoined from engaging in such conduct in the future.

**ANSWER:**   The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

84.   **Typicality**: Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

**ANSWER:**   The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

85.   Plaintiff is a member and his claims are typical of the Dialer Class because Defendant placed telephone calls to his cellular telephone using an automatic telephone dialing system without his consent.

**ANSWER:**   The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

86.   Plaintiff is a member and his claims are typical of the Policy Class because Defendant placed two or more calls for telemarketing purposes in a one-year period to his telephone number without having the required policies, procedures, and training in place.

**ANSWER:**   The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

87.     Plaintiff is a member and his claims are typical of the Colorado Directory Class because Defendant listed his cellular telephone numbers in a directory it uses for commercial purposes without affirmative consent.

**ANSWER:**     The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

88.     Plaintiff is a member and his claims are typical of the Colorado Scanner Class because Defendant listed used a scanner or other electronic device to identify his cellular telephone number and made a commercial solicitation.

**ANSWER:**     The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

89.     Plaintiff and all putative Class Members have also necessarily suffered concrete injury, as all Members spent time tending to Defendant's calls, lost space on their devices, had their phone lines tied up, and suffered a nuisance and an invasion of their privacy as they were unable to effectively stop the calls if they wanted to do so, or obtain a "do not call policy" upon which they could rely to stop the calls.

**ANSWER:**     The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

90.     With respect to the Registry and Policy Classes specifically, Defendant's failures to abide by those regulations also increased the risk of harm (such as nuisance and invasion of privacy) to Plaintiff and those Class Members.

**ANSWER:**     The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

91.     **Adequacy**: Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

**ANSWER:**     The allegations of this paragraph are conclusions of law and arguments to which no response is required and they are, therefore, denied.

92.     Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent himself and the Classes.

**ANSWER:**     Power Home admits that Plaintiff purports to bring this case as a class action, but denies that certification of any class would be proper.  Power Home denies any remaining allegations of this paragraph.

93.     Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

**ANSWER:**     Denied.

94.     The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

**ANSWER:**     Denied.

95.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia,* the damages suffered by each class member make individual actions uneconomical.

**ANSWER:**     Denied.

96.     Common questions will predominate, and there will be no unusual manageability issues.

**ANSWER:**     Denied.

**FIRST CLAIM FOR RELIEF**
**Violations of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the Dialer Class)**

97.     Plaintiff and the proposed Dialer Class incorporate all allegations set forth in this Complaint as if fully set forth herein.

**ANSWER:**     Power Home incorporates the allegations from all previous paragraphs as if fully set forth herein.

98.     Defendant placed numerous calls for telemarketing purposes to Plaintiff's and Dialer Class Members' cellular telephone numbers.

**ANSWER:**     The allegations of this paragraph are conclusions of law and argument to which no response is required and they are, therefore, denied.  To the extent a response is required, the allegations in this paragraph are denied.

99.     Defendant did so using an automatic telephone dialing system.

**ANSWER:**    The allegations of this paragraph are conclusions of law and argument to which no

response is required and they are, therefore, denied.

100.    Defendant did so without the prior express written consent of Plaintiff and
Dialer Class Members.

**ANSWER:**    Denied.

101.    Plaintiff and Dialer Class Members are entitled to an award of $500 in
statutory damages telephone call pursuant to 47 U.S.C. § 227(b)(3).

**ANSWER:**    The allegations of this paragraph are conclusions of law and argument to which no

response is required and they are, therefore, denied.

102.    Plaintiff and Dialer Class Members are entitled to an award of treble
damages in an amount up to $1,500 telephone call because Defendant's
violations were knowing and/or willful.

**ANSWER:**    The allegations of this paragraph are conclusions of law and argument to which no

response is required and they are, therefore, denied.

### SECOND CLAIM FOR RELIEF
### Violations of the TCPA, 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and the Policy Class)

103.    Plaintiff and the proposed Policy Class incorporate all allegations set forth
in this Complaint as if fully set forth herein.

**ANSWER:**    Power Home incorporates the allegations from all previous paragraphs as if fully

set forth herein.

104.    Defendant placed numerous calls for telemarketing purposes to Plaintiff's
and Policy Class Members' telephone numbers.

**ANSWER:**    The allegations of this paragraph are conclusions of law and argument to which no

response is required and they are, therefore, denied.  To the extent a response is required, Power

Home lacks knowledge or information sufficient to form a belief about the truth of the allegations

in this paragraph.

105.   Defendant did so despite not having a written policy pertaining to "do not call" requests.

**ANSWER:**   Denied.

106.   Defendant did so despite not training its personnel on the existence or use of any internal "do not call" list or policy.

**ANSWER:**   Denied.

107.   Defendant did so despite not recording or honoring "do not call" requests.

**ANSWER:**   Denied.

108.   Defendant placed two or more telephone calls to Plaintiff and Policy Class Members in a 12-month period.

**ANSWER:**   It is admitted only that Power Home contacted Plaintiff by phone on more than two occasions.  The allegations of this paragraph are otherwise denied.

109.   Plaintiff and Policy Class Members are entitled to an award of $500 in statutory damages telephone call pursuant to 47 U.S.C. § 227(c)(5), in addition to and separate from any award for damages related to Defendant's calls using an automatic telephone dialing system and in addition to and separate from any award for Defendant's calls to persons on the National Do-Not-Call Registry.

**ANSWER:**   The allegations of this paragraph are conclusions of law and argument to which no response is required and they are, therefore, denied.

110.   Plaintiff and Policy Class Members are entitled to an award of treble damages in an amount up to $1,500 per telephone call because Defendant's violations were knowing and/or willful.

**ANSWER:**   The allegations of this paragraph are conclusions of law and argument to which no response is required and they are, therefore, denied.

### THIRD CLAIM FOR RELIEF
### Violations of the CTFA, C.R.S. § 6-1-304(a)(II)
### (On behalf of the Plaintiff and the Colorado Scanner Class)

111.   Plaintiff and the proposed Colorado Scanner Class incorporate all allegations set forth in this Complaint as if fully set forth herein.

**ANSWER:**     Power Home incorporates the allegations from all previous paragraphs as if fully set forth herein.

112.     Defendant is a "person" as defined by C.R.S. § 6-1-106(6).

**ANSWER:**     The allegations of this paragraph are conclusions of law and argument to which no response is required and they are, therefore, denied.

113.     Upon information and belief, Defendant used a scanning device or other electronic means to identify cellular telephone numbers of Plaintiff and persons in the Colorado Scanner Class.

**ANSWER:**     The allegations of this paragraph are conclusions of law and argument to which no response is required and they are, therefore, denied.  To the extent a response is required, Power Home lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

114.     Defendant did so without the prior express written consent of Plaintiff and Colorado Scanner Class Members.

**ANSWER:**     Denied.  The remaining allegations of this paragraph are conclusions of law and argument to which no response is required and they are, therefore, denied.

115.     Plaintiff and Colorado Scanner Class members are entitled to the penalty of $300 to $1000 per call as provided by C.R.S. § 6-1-305(1)(c).

**ANSWER:**     The allegations of this paragraph are conclusions of law and argument to which no response is required and they are, therefore, denied.

**FOURTH CLAIM FOR RELIEF**
**Violations of the CTFA, C.R.S. § 6-1-304(a)(II)**
**(On behalf of the Plaintiff and the Colorado Directory Class)**

116.     Plaintiff and the proposed Colorado Directory Class incorporate all allegations set forth in this Complaint as if fully set forth herein.

**ANSWER:**     The allegations of this paragraph are conclusions of law and argument to which no response is required and they are, therefore, denied.

117.    Upon information and belief, Defendant listed the cellular telephone number of Plaintiff and Colorado Directory Class Members in a directory it used for commercial purposes.

**ANSWER:**    The allegations of this paragraph are conclusions of law and argument to which no response is required and they are, therefore, denied.  To the extent a response is required, Power Home lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

118.    Defendant did so without the prior express affirmative consent of Plaintiff and Colorado Directory Class Members.

**ANSWER:**    Denied.

119.    Plaintiff and Colorado Directory Class Members are entitled to the penalty of $300 to $1000 per call as provided by C.R.S. § 6-1-305(1)(c).

**ANSWER:**    The allegations of this paragraph are conclusions of law and argument to which no response is required and they are, therefore, denied.

WHEREFORE, Power Home denies that Plaintiff is entitled to any judgment whatsoever against it, further denies that certification of any class would be proper, and requests that the Court enter judgment in its favor and against Plaintiff, and grant Power Home any further relief the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Further answering the Amended Complaint, and as additional defenses thereto, Power Home incorporates by reference the foregoing answers as though fully set forth herein, and further alleges as set forth below.  Power Home reserves the right to assert any additional defenses that may be discovered during the course of additional investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff has not been harmed by any alleged acts of Power Home.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff lacks standing.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver and estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff gave his express written consent, invitation and/or permission to receive the telephone communications alleged.

### SIXTH AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over Power Home with respect to the claims of absent class members who do not reside in Colorado and who did not experience any supposed injury as a result of alleged conduct of Power Home in the State of Colorado. *See Bristol-Myers Squibb Co. v. Superior Court*, No. 16-466, 137 S.Ct. 1773 (2017).

### SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff and the putative class members failed to mitigate or otherwise act to lessen or reduce the injuries and damages alleged in the First Amended Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

Power Home's business practices and conduct comply with and may be expressly authorized by the law of the jurisdiction in which Plaintiff and each putative class member resides.

## NINTH AFFIRMATIVE DEFENSE

Power Home reserves the right to amend this pleading to assert additional defenses upon

discovery of the specific facts upon which Plaintiff and/or the putative class members base their

claims for relief, and upon completion of further discovery.

Dated: July 7, 2020

MORGAN, LEWIS & BOCKIUS LLP

By:  _s/ Ezra D. Church_
  Ezra D. Church
  ezra.church@morganlewis.com
1701 Market Street
Philadelphia, PA 19103
Telephone: +1.215.963.5000
Facsimile: +1.215.963.5001

  Benjamin K. Hand, CO Bar# 50787
  benjamin.hand@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Telephone: +1.213.612.2500
Facsimile: +1.213.612.2501

Attorneys for Defendant, POWER HOME
REMODELING GROUP, LLC

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing Answer and Affirmative

Defenses was served on counsel of record through the Court's ECF system.

Dated: July 7, 2020

*s/ Ezra D. Church*
Ezra D. Church
ezra.church@morganlewis.com
