IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-1452-RBJ

**KEGAN WARNER,** on behalf of himself and classes

of persons similarly situated

        Plaintiff,

v.

**POWER HOME REMODELING GROUP, LLC,**

        Defendant.

---

**PROPOSED (BUT DISAPPROVED) SCHEDULING ORDER**

---

1. **Date of Conference and Appearances of Counsel**

Plaintiff Kegan Warner ("Plaintiff") and Power Home Remodeling Group, LLC (the "Defendant" or "Power Home") (together with Plaintiff, the "Parties"), through their undersigned counsel, submit this Proposed Scheduling Order pursuant to this Court's June 11, 2020 Order (ECF No. 13). A Scheduling Conference is not being held due to restrictions related to the coronavirus pandemic currently in place. The Court has reviewed the proposed order. However, for the reason set forth herein, the Court is not prepared to determine a final schedule at this time.

The Parties do not anticipate adding any additional parties or claims at this time.

2. **Statement of Jurisdiction**

The Parties agree that there are no current issues regarding jurisdiction and that this Court has subject matter jurisdiction over this Action under 28 U.S.C. § 1331 because this is an action

arising under federal law, the Federal Telephone Consumer Protection Act, 47 U.S.C. §§ 227. *See Mims v. Arrow Fin. Servs., LLC,* 686 U.S. 368, 379 (2012). The Court has supplement jurisdiction over Plaintiff's Colorado Control of Telemarketing Fraud Act (C.R.S. § 6-1-304(a)(II)) claims because they are so related to the federal-law claim they form part of the same case or controversy. 28 U.S.C. § 1367; *see also* 28 U.S.C. § 1441(c). The Parties further agree that venue is proper in this District pursuant to 28 U.S.C. § 1441 because this District encompasses the Colorado county in which this action was pending at the time of removal. Defendant, however, contends that the Court lacks personal jurisdiction over Defendant with respect to claims of non-Colorado residents, based on the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court*, No. 16-466, 137 S.Ct. 1773 (2017). See below. All Parties have been served with the Complaint and First Amended Complaint.

**3. Statement of Claims and Defenses**

a. **Plaintiff:**

The Plaintiff has alleged that Defendant has violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and the Colorado Control of Telemarketing Fraud Act ("CTFA"), C.R.S. § 6-1-301, *et. seq.* and has brought a putative class action on behalf of the following four classes:

> Since April 28, 2016, Plaintiff and all persons within the United States to whose cellular telephone number Defendant placed a telemarketing call using dialing equipment and/or software identical or substantially similar to the dialing equipment and/or software used to place telephone calls to Plaintiff without the prior express written consent of the called party.
>
> ("Dialer Class")

>   Since April 28, 2016, Plaintiff and all persons within the United States to whose telephone number Defendant placed (or had placed on its behalf) two or more telemarketing telephone calls in a 12-month period.
>
>   ("Policy Class")
>
>   Since March 31, 2017 Plaintiff and all persons within Colorado and have a cellular telephone with a Colorado area code whose cellar telephone numbers were listed without affirmative consent by Defendant in a directory it used for commercial purposes.
>
>   ("Colorado Directory Class")
>
>   Since March 31, 2017 Plaintiff and all persons in who have a cellular telephone with a Colorado area code whose cellular telephone numbers were identified by Defendant using a scanner or other electronic device to make a commercial telephone solicitation.
>
>   ("Colorado Scanner Class")

**b. Defendant:**

Plaintiff alleges putative class claims under the TCPA and the CTFA that Defendant violated the TCPA because Defendant used an automatic telephone dialing system to place telemarketing calls to Plaintiff and class members' cellular telephone number without written consent. Plaintiff also alleges Defendant continued to place calls after he requested that Defendant not call him any further and Defendant failed to maintain a "do not call" list or policy and made calls to persons on the National Do-Not-Call Registry.

Plaintiff also alleges Defendant used a scanning device or other electronic means to identify cellular telephone numbers of Plaintiff and class members without the consent of the Plaintiff in violation of the CTFA. Additionally, Plaintiff alleges Defendant listed Plaintiff's cellular telephone number without Plaintiff's prior express affirmative consent in violation of the CTFA.

Defendant denies these allegations, including that class certification would be proper under Federal Rule of Civil Procedure 23 because Plaintiff's claims are highly individualized in nature

and are not susceptible to class action treatment. Defendants assert additional defenses to Plaintiff's individual and class claims in Defendant's Answer.

### 4. Undisputed Facts

The following facts are undisputed:

Power Home was advised through discussion with Plaintiff and his spouse that Plaintiff purchased a new home in approximately September 2018.

A Power Home representative came to Plaintiff's house in or around March 2019.

On March 21, 2019, Plaintiff contacted Defendant and inquired about the status of the warranty for work done on Plaintiff's house by the prior owner.

Power Home then contacted Plaintiff by telephone.

Power Home's dialing system does dial telephone numbers.

Power Home received a telephone call from Plaintiff on August 31, 2019.

Power Home's records show that Plaintiff was contacted by telephone after August 31, 2019.

Power Home contacted Plaintiff by phone on more than two occasions.

<u>In view of these undisputed facts concerning the specific history of Power Home's contacts with the plaintiff, the Court questions how Plaintiff could establish himself as the representative of a class.</u>

### 5. Computation of Damages

Plaintiff's calculations of damages will depend on information received in discovery, including the number of calls made to Plaintiff and putative class members in alleged violation of the TCPA and Colorado classes. The CTFA provides a private right of action to consumers for

violations of C.R.S. § 6-1-304 and allows consumers to recover attorney fees and statutory damages from $300 to $1,000 for each offense. C.R.S. § 6-1-305. Plaintiff and TCPA class members are entitled to an award of $500 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227. For all knowing and/or willful violations of the TCPA, Plaintiff and TCPA class members are entitled to treble damages of up to $1,500 for each and every call. The TCPA also authorizes, and the Plaintiff is seeking, injunctive relief.

**6. Report of Pre-conference Discovery and Meeting Under Fed. R. Civ. P. 26(f)**

On July 22, 2020 the parties met and conferred pursuant to Fed. R. Civ. P. 26(f). Benjamin Hand participated on behalf of Defendant. Anthony Paronich and Jeremy Glapion participated on behalf of Plaintiff.

Defendant contends that the Court should stay this case pending the Supreme Court's decision in *Facebook Inc. v. Duguid*, Docket No. 19-511, wherein the Court granted a petition for certiorari on July 9, 2020 to decide an issue critical to the outcome of this case, specifically whether the definition of an "automatic telephone dialing system" in the TCPA encompasses any device that can "store" and "automatically dial" telephone numbers, even if the device does not "us[e] a random or sequential number generator. Defendant expects to file a formal motion to stay in the near future.  See below.

In the event the Court denies the motion to stay, the parties have conferred and agree on the following:

Initial disclosures will be made on or before July 27, 2020, pursuant to Fed. R. Civ. P. 26(a)(1)(C).

Plaintiff anticipates seeking from parties and non-parties written and oral discovery including but not limited to: (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing; (3) ESI related to any purported consent to receive calls; (4) ESI regarding the dialing systems used to make the calls at issue; (5) contracts and other documents relating to the relationships among defendant, their third-party affiliates and/or other entities and individuals involved in generating purported leads to receive the telemarketing calls at issue; (6) defendant's policies and procedures concerning TCPA compliance; and (7) telemarketing complaints received by defendant and their responses thereto.

Defendant anticipates propounding written discovery (*e.g.*, requests for production of documents, requests for admission, and interrogatories) on Plaintiff to discover more information related to Plaintiff's allegations.

Pursuant to Federal Rule 26, the Parties discussed the issue of electronically-stored information ("ESI"). The Parties intend to meet and confer regarding ESI matters with their respective subject matter experts and to utilize the governing principles relating to the discovery of electronically stored information. The Parties are committed to working towards a mutually agreeable plan for ESI.

Pursuant to Fed. R. Civ. P. 26(f)(2), the parties have discussed the possibilities for a prompt settlement or resolution of the case by alternative dispute resolution, but have not yet been able to reach any agreements on resolution. <u>The Court does not have enough information to determine whether class certification will be appropriate, but just based on the undisputed</u>

facts, it appears problematic.  It might be wise for the parties to attempt to resolve this plaintiff's claim sooner rather than later.

7. **Consent**

Not all parties consent to the exercise of jurisdiction by a magistrate judge.

8. **Discovery Limitations**

Absent a future stipulation between the Parties or leave of Court, the Parties agree to adhere to the discovery limitations imposed by Federal Rule of Civil Procedure 30(a)(2)(A)(i) and 33(a)(1) concerning depositions and the number of interrogatories that each party may serve on any other party. Both parties consent to electronic service of discovery while reserving the rights for computation of time under the Federal Rules of Civil Procedure.

9. **Case Plan and Schedule**

To conduct discovery on the Plaintiff's individual claims as well as the requisites of FRCP 23, the parties propose the following schedule:

The Court does not approve this schedule.  You are putting off resolution of the class certification issue into the summer of 2021.  That needs to be decided early.  The Court directs the parties to do the following:

1. Discuss promptly whether the case can be settled now without getting into the class issues.

2. If not, then propose a schedule which includes:

a.  Specific, minimal discovery needed to brief class certification.  Note, any discovery disputes may not be presented by motions.  Rather, the parties will schedule a telephone discovery hearing by contacting Chambers.

b.  A schedule for resolution of class certification within 90 days of the date of this order.

c.  Briefing of the *Bistol-Myers* and Facebook issues raised by defendant, also to be resolved within the 90 days.

> **Formatted:** Font: Italic

3.  Once those issues are resolved, we will have a Scheduling Conference to schedule the remainder of the case as appropriate.

| ~~EVENT~~ | ~~JOINT PROPOSAL~~ |
|---|---|
| ~~Initial Disclosures~~ | ~~July 27, 2020~~ |
| ~~Deadline to Amend Pleadings~~ | ~~October 30, 2020~~ |
| ~~Affirmative Expert Reports~~ | ~~February 8, 2021~~ |
| ~~Response Expert Reports~~ | ~~March 8, 2021~~ |
| ~~Reply Expert Reports~~ | ~~March 29, 2021~~ |
| ~~Class Certification Motion / Defendant's Motion for Summary Judgment~~ | ~~By April 23, 2021~~ |
| ~~Oppositions to any Class Certification or Summary Judgment Motion~~ | ~~30 days after filing~~ |
| ~~Replies to Class Certification or Summary Judgment Motion~~ | ~~21 days after opposition~~ |
| ~~ADR Deadline~~ | ~~May 28, 2021~~ |
| ~~Discovery Deadline~~ | ~~June 25, 2021~~ |
| ~~Rule 16 Conference~~ | ~~August 27, 2021~~ |

> **Formatted Table**

~~The parties request that prior to the August 27, 2021 conference they submit proposed dates for the remainder of the schedule.~~

The Plaintiff anticipates deposing the Plaintiff's corporate representative as well as other individuals identified as involved in the telemarketing for seven hours pursuant to D.C. COLO. L. Civ. R. 30.1.

Defendant anticipates deposing Plaintiff for seven hours and Plaintiff's wife for seven hours pursuant to D.C. COLO. L. Civ. R. 30.1.

### 10. Dates for Further Conferences

**a.** Status conferences will be held in this case at the following dates and times:

_____

_____

**b.** A final pretrial conference will be held in this case on _____at _____o'clock\_\_\_m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

### 11. Other Scheduling Matters

The Parties do not have any discovery or scheduling issues.

The parties anticipate a _5_ day trial by jury if this matter is certified as a class action and a 1-2 day jury trial if it is not.

### 12. Notice to Counsel and *pro se* Parties

The parties filing motions for extension of time or continuances must comply with D.C. COLO. L. Civ. R. 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C. COLO. L. Civ. R. 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. Amendments to Scheduling Order

This scheduling order may be altered or amended only upon a showing of good cause.

Dated: July 24, 2020

MORGAN, LEWIS & BOCKIUS LLP

By: *s/ Ezra D. Church*
    Ezra D. Church
    ezra.church@morganlewis.com
1701 Market Street
Philadelphia, PA 19103
Telephone:   +1.215.963.5000
Facsimile:   +1.215.963.5001

    Benjamin K. Hand, CO Bar# 50787
    benjamin.hand@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Telephone:   +1.213.612.2500
Facsimile:   +1.213.612.2501

Attorneys for Defendant, POWER HOME REMODELING GROUP, LLC


By: */s/ Anthony I. Paronich*
Anthony Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone:  (617) 485-0018
Email: anthony@paronichlaw.com

Jeremy M. Glapion
THE GLAPION LAW FIRM, LLC
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
jmg@glapionlaw.com


Eric R. Coakley, CO Bar 34238
2373 Central Park Blvd. - Suite 100
Denver, CO 80238
Tel. (303)500-1778
coakley@coakleylaw.com

Attorneys for Plaintiff, KEGAN WARNER

COUNSEL FOR PLAINTIFF

*s/ Eric R. Coakley*
_____
Eric R. Coakley, CO Bar 34238
**COAKLEY, LLC**
2373 Central Park Blvd. - Suite 100
Denver, CO 80238
Tel. (303)500-1778
coakley@coakleylaw.com

Anthony Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
anthony@paronichlaw.com

Jeremy M. Glapion
THE GLAPION LAW FIRM, LLC
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
jmg@glapionlaw.com